**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:12cv6**

| | |
|---|---|
| **MICHAEL SCARBOROUGH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Memorandum and** |
| ) | **Recommendation** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record, Plaintiff's Motion for Summary Judgment [# 9], and the Commissioner's Motion for Summary Judgment [# 10]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 10], **DENY** the Plaintiff's Motion for Summary Judgment [# 9], and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability benefits on April 24, 2009. (Transcript of Administrative Record ("T.") 13, 116-20.) Plaintiff alleged that he became disabled beginning March 11, 2007. (T. 116.) The Social Security Administration denied Plaintiff's claim, finding that he was not disabled. (T. 70-73.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 74-81.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 30-53.) The ALJ issued a decision finding that Plaintiff was not disabled. (T. 13-25.) The Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his December 7, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 25.) The ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

(2) The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 15, 2007, through his date last insured of December 31, 2009 (20 CFR 404.1571 *et seq.*).

(3) Through the date last insured, the claimant had the following severe impairments: degenerative joint disease of the right knee, obesity and Obsessive-Compulsive disorder (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) which involves understanding and remembering simple instructions; concentrating and persisting adequately to perform simple, routine, repetitive tasks and dealing with stress and change in a low-stress workplace.

(6) Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on March 4, 1961 and was 48 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity,

> there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> (11) The claimant was not under a disability, as defined in the Social Security Act, from January 15, 2007, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(g) ).

(T. 15-25.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but,

rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. **The ALJ did not err in Finding that Plaintiff's Torn Right Bicep was not a Severe Impairment**

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the right knee, obesity, and Obsessive-Compulsive disorder. (T. 15.) In considering Plaintiff's severe impairments, the ALJ specifically discussed Plaintiff's allegations that he had a torn right bicep and determined that it did not constitute a severe impairment. (T. 15-16.) Plaintiff contends that the ALJ erred by not considering his torn right bicep a severe impairment. (Pl.'s Mot. Summ. J. at 7-8.)

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original); see also Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999); 20 C.F.R. § 404.1521(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). This is not a difficult standard for a claimant to satisfy. See Albright, 174 F.3d at 474 n.1; see also Stemple v. Astrue, 475 F. Supp. 2d 527, 536-37 (D. Md. 2007) ("The severity standard is a slight one in this circuit . . . .").

Plaintiff contends that in March 2007, he tore his right bicep while trying to catch a falling garage door. (T. 211, 233, 254.) At the time, however, Plaintiff did not seek medical care for his bicep. (T. 211.) In fact, it appears that he did not even begin to complain of any pain in his bicep until April 2009. (Id.) At this time, he began reporting that he could not lift anything heavier than a gallon of milk with his right arm and was experiencing pain and weakness in his arm. (T. 211, 254-55, 289) Despite Plaintiff's subjective complaints of pain, he failed to report his pain during a visit to the emergency room and, upon examination, demonstrated "strong, equal bilateral upper extremities with no noted abnormalities." (T. 202). Moreover, the record is devoid of any objective medical evidence establishing that Plaintiff's previously torn bicep limited his ability to pick up items or otherwise limited his ability to work. Upon a review of the

record in this case, the Court finds that the ALJ did not err in determining that Plaintiff's right bicep tear was not a severe impairment.[2]

Plaintiff also contends that the ALJ erred by considering the fact that Plaintiff failed to seek medical treatment for several years after injuring his bicep. Plaintiff contends that his failure to seek treatment was the result of his inability to pay for such treatment.[3] Although a lack of resources to follow the prescribed medical treatments may in some circumstances justify a claimant's failure to obtain treatment, a claimant must first demonstrate that he or she attempted to obtain treatment and was denied such treatment because of claimant's inability to pay or lack of insurance. See Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003); Buchholtz v. Barnhart, 98 F. App'x 540, 546 (7th Cir. 2004) (unpublished);

---

[2] Moreover, any such error in failing to classify Plaintiff's torn bicep as a severe impairment was harmless as the ALJ considered Plaintiff's alleged impairments related to his bicep in determining Plaintiff's RFC. (T. 21-22.) Because the ALJ specifically considered Plaintiff's torn right bicep in determining whether this impairment, either separately or in combination with his other impairments, rendered him unable to engage in substantial gainful activity, remand is not necessary in this case because any error at step two was harmless; remand would not lead to a different result. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); see also Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished) (applying harmless error doctrine in context of Social Security case).

[3] Although Plaintiff also points the Court to a portion of the decision of the ALJ referring to Plaintiff's knee pain, the ALJ merely stated that his knee pain did not require aggressive or ongoing treatment. (T. 23.) The ALJ did not conclude that Plaintiff failed to seek prescribed medical treatment for his knee.

Moorefield v. Astrue, No. 4:06cv62, 2007 WL 2061064, at *2 (W.D. Va. Jul. 17, 2007) (unpublished). Plaintiff did not present the ALJ with any evidence that he explored his options for obtaining low cost medical care or that he sought medical care and was denied treatment because of his inability to pay related to his alleged bicep injury. Accordingly, the Court finds that the determination of the ALJ was supported by substantial evidence in the record and remand is not required.

### B. The ALJ Properly Considered Plaintiff's Obesity

The ALJ is required to consider a claimant's obesity at various points in the five-step analysis. SSR 02-1p, 2000 WL 628049 (2002). Plaintiff contends that the ALJ failed to provide specific reasons for how Plaintiff's obesity relates to his impairments and, therefore, remand is required. Plaintiff's brief, however, is devoid of any actual legal or factual argument regarding this issue. Instead, Plaintiff simply points out that he was obese and summarizes the guidelines for classifying adults as obese. Arguments such as these, unsupported by any actual legal analysis are entirely insufficient to advance an argument that remand is required and largely waste the resources of the Court and the United States Government in responding to Plaintiff's motion.

Despite the deficiencies of Plaintiff's brief in support of his Motion for Summary Judgment, it is clear from the record that the ALJ considered Plaintiff's

obesity. The ALJ listed obesity as one of Plaintiff's severe impairments. (T. 15.) In addition, the ALJ specifically considered Plaintiff's obesity in determining Plaintiff's RFC. (T. 20.) Although Plaintiff may believe he is more limited by his obesity than determined by the ALJ, the record is clear that the ALJ specifically considered Plaintiff's obesity and how his obesity affected Plaintiff's ability to work. Accordingly, Plaintiff's contention that the ALJ failed to comply with SSR 02-1p is without merit and remand is not required.

**C.     The ALJ did not err in Making his Credibility Determination**

Finally, Plaintiff contends that the ALJ erred in determining Plaintiff's RFC because he did not take into account each of Plaintiff's impairments. This argument, like most of the others made by Plaintiff, only offers a cursory argument that fails to clearly articulate an assignment of error. As a threshold matter, the record is clear that the ALJ did in fact consider all of Plaintiff's medically recognized impairments. To the extent that Plaintiff contends otherwise, such argument lacks merit. What Plaintiff appears to be attempting to argue, however, is that the ALJ erred in deterring that Plaintiff's testimony was not fully credible. For example, the ALJ found that Plaintiff's testimony that he could not pick up anything heavier than a gallon of milk with his right arm was not credible and did not impose such a limitation. Similarly, the ALJ did not find Plaintiff's right knee

pain disabling. Accordingly, the Court will address whether the ALJ erred in making his credibility determination.

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonable be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact

his or her ability to work. 20 C.F.R. § 404.1529(c)(1); <u>Craig</u>, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." <u>Aytch</u>, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); <u>Craig</u>, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); <u>see also</u> <u>Aytch</u>, 686 F. Supp. 2d at 605.

Here, the ALJ applied this two step process in assessing Plaintiff's statements regarding his symptoms. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 19-21.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 21.) The ALJ found that Plaintiff's limitations were not supported by the objective medical evidence in the record. (T. 18-23.) The ALJ reached this conclusion after an exhaustive review of the medical evidence and other evidence in the record and provided a comprehensive analysis setting forth specific reasons for why he found Plaintiff's testimony not fully credible. (Id.)

Upon a review of the medical records and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. See SSR 96-7p. Because it is clear from the record that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and the ALJ's determination that Plaintiff's testimony was not fully credible is

supported by substantial evidence in the record, the Court finds that remand is not required in this case. The Court **RECOMMENDS** that the District Court GRANT the Commissioner's Motion for Summary Judgment [# 10], and **AFFIRM** the Commissioner's decision.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 10], **DENY** the Plaintiff's Motion for Judgment on the Pleadings [# 9], and **AFFIRM** the Commissioner's decision.

Signed: December 21, 2012

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).